This case is John F. Guerra, Jr. v. Conrail. Mr. Katz? Good morning, Your Honors. May it please the Court? My name is Lawrence Katz, and I represent John Guerra, a Conrail employee who has been precluded from bringing a claim under the retaliation provisions of the Federal Railroad Safety Act. Did you reserve time for rebuttal? I would like to reserve three minutes, Your Honor. Very well. Your Honor, the issue in this case is really quite narrow. The question is whether or not the District Court impermissibly created an insurmountable evidentiary rule under the mailbox test. All right, but before we get there, we need to talk about jurisdiction, right? Yes, Your Honor. It seemed that you conceded that point below, that this is a jurisdictional issue, but I'm not so sure about that. Have you revisited that issue? We have revisited the issue, Your Honor, and I believe that given the remedial nature of the statute, that the plaintiff is entitled to broader discretion in this case, and that simply not meeting, allegedly not meeting the 180-day rule in the District Court, in Oshert, should not preclude this Court from reviewing that issue. It shouldn't. No, I know we can review it. I'm talking about the District Court. It is the District Court. Why is the statute of limitations provision that says that an action under Paragraph 1 shall be commenced not later than 180 days after the date on which the alleged violation occurs, why is that not a claims processing rule? It is a claims processing rule because there's an entirely separate provision that affects the District Court's jurisdiction, and the only requirement there is that 210 days elapse from the time a complaint was filed until the time the District Court complaint is filed. We have met that rule, and that in and of itself should have been sufficient for the District Court to retain its jurisdiction. Okay, but if it had jurisdiction, that still doesn't mean you're out of the woods. You've still got to prevail on the mailbox rule, correct? That's true. Okay, so why don't you address that? And we would have liked the opportunity to do so with the Court of Appeals or with the District Court, but they didn't permit us. Here's the issue with the mailbox rule, Your Honor. Let me give the court some background. The reason that we're before this court and the reason that this issue has arisen is, quite frankly, a clerical error within our office. Normally, the complaints that are sent to OSHA are sent by regular and either certified mail or fax. In this case, because of some clerical changes, it was not sent by fax. It was simply sent by regular mail. Now, what we submitted to the District Court were affidavits of myself and my partner speaking about the regular procedures within our office. I would invite the court to pages four and five of our reply brief that contains several cases that stand for the proposition that circumstantial evidence, including corporate procedures with regard to mailing, may be used to establish the mailbox rule. And what we were able to establish by those affidavits is that a complaint is prepared. The clerical person is instructed to transmit it. The transmittal letter is signed. The letter is then taken and placed in a little bin by our receptionist, which is near the postage machine. Either the receptionist or the clerical person himself runs it through the postage meter in this bin, and at the end of the day, whatever is in that bin is taken downstairs, either by our receptionist. We have a bookkeeper who stays a little bit longer by her. Those are all standard operating procedures. That doesn't shed any light on what happened in this particular case, correct? That is correct. In this particular case, we know that a letter was sent because the copy of the letter dated May 10th, and that's at appendix page 85, was contained in the file. If the letter was never sent, the copy of the letter would have never been in the file. The letter in the file means that the general procedure of the office were triggered. What the district court held, though, was this, that there was one. You're saying that a copy of the letter was in your law firm's file. In our file, in the correspondence section, and the only letters that get in the correspondence section are those letters that are dictated and ultimately mailed. But that doesn't prove that the mailbox rule was adhered to in your office, and there's a strict requirement in order to take advantage of the mailbox rule. You've got to show that the procedures were in effect and followed that required the mailbox rule to go into effect, and you yourself acknowledge that it wasn't followed in this case. Well, it wasn't followed with respect to certified mail and facsimile, but the letter itself in our file would be evidence that it was at least mailed by regular mail. Well, that's not sufficient, that you have a copy of something, since a copy could always be made without any proof that it was made. Whereas if it was actually filed, you'd have a certified receipt, and you'd have some evidence that it was filed and the person that did it. But you have nothing here except a copy, which the defendant does not have to say they never received anything. It's our position, Your Honor, that what the district court should have done, because there are credibility issues here, obviously, based on what the defendant said. Well, how is there a credibility issue? Would you acknowledge yourself that you didn't follow your own office procedure in order to take advantage of the mailbox rule? Well, we followed the office procedure to the extent that the letter that's in the file would have gotten to the mailbox. That's not the mailbox rule, though, is it? Well, I believe it is, Your Honor, because the mailbox rule allows things to be established by circumstantial evidence Here's the issue, Your Honor. It can be, but it's not – it's a proof issue, right? It is a proof issue. All right, so let's talk about the proof in this case. As I read the record, you didn't even identify the name of the person who sent the complaint, correct? That's because that person – this is the issue we have, Your Honor. Is that correct? That is correct, Your Honor. All right, let me ask a follow-up. You're familiar with metadata. Yes, Your Honor. Did you introduce any metadata to show that this thing was actually drafted at a timely point in time? We did not, Your Honor. So, you know, maybe your proof just didn't measure up. It wasn't as if the district court said, you're not allowed to prove your case. Wasn't this a matter of the district court taking a look at the affidavit and saying, well, this is sort of weak beer. It really doesn't move me across the line to give you the benefit of the mailbox rule. As I read the district court's opinion, Your Honor, the pivotal piece of evidence that the district court thought was missing was an affidavit from somebody saying that they specifically remember five months previously taking that letter and putting it in the bin and taking it down to the mailbox. I would submit, though, Your Honor, that no one sitting in this room could swear under oath five months previously sending a letter on a specific date to a specific address, and it's because of the insurmountable nature of that rule that's inconsistent with the remedial purposes of the FRFA. It doesn't mean you can't get an affidavit from a paralegal or a legal secretary that says, you know, I worked on the Garra case, and I remember talking to Attorney Katz about it, and we had a discussion about this, and I remember sending the letter. I mean, you know, there are myriad ways that the actual sender of the letter could have averred to the facts surrounding that, right? The problem that occurred in this case, Your Honor, is that OSHA, and I don't blame OSHA. OSHA is responsible for enforcing 24 different retaliation statutes, and the FRSA is on the bottom of their priority list because of their requirement and the time in which they have to respond to the government. We did not learn that OSHA did not receive the letter until November. The letter was mailed in May. Therefore, in November, for the first time, we had to query people, do you recall this particular letter in this period of time? And the answer was no, because we handle several FRSA cases. We handle several FVLA cases. It's just a burden that cannot be met, not that wasn't met, that cannot be met, and I would suggest that. But wouldn't it be sort of, I understand if you have a high-volume practice and you're doing a lot of these, someone might not remember this particular case, but I thought that you said that your normal practice was to send things by fax or certified mail. So if this was done not in the ordinary course of business, this was exceptional because it was sent regular mail, doesn't it make it more likely that someone might have recalled doing it that way? No, because this is just one of many other FRSA and FVLA cases against the railroad that we handle. Any particular case against Conrail would be difficult to remember specifically. Our firm specializes in cases against railroads, and so cases against Conrail would be plentiful, and remembering a specific case would be almost impossible. But aren't those plentiful cases submitted by fax and or certified mail? And regular mail on a regular basis. You use all three methods? We usually do. Why would you ever use regular mail in a case like this when there's so much writing on it? Wouldn't it be sort of a classic case of certified mail, return, receipt, requested, and you get that green card in the file? That's your ace in the hole is the green card in the file, right? It is. I guess we're old-fashioned that way. When we send something certified, we send it regular too. That's all a good – the problem I have with your position, I would like to accept it, is this whole mailbox rule emanated originally – it was big time with prisoner complaints. They gave it to the prison authorities, and it wound up two or three months later being taken care of, and the prison said, I gave it to – and that mailbox rule, they gave it to big examination. But in all those cases, and with your case having somewhat the same tenor to it, there has never been a case, which my law clerk would find anyway, where the mailbox rule was proven satisfied through circumstantial evidence. There was always direct evidence that this happened, it was given to this correctional officer or this person, and that's it, and we could prove that with direct evidence, not circumstantially that, as you're trying to do, that I got a copy of what I gave the man in my file. So I'm having trouble with your argument that you want to prove that you mailed this circumstantially, and the mailbox rule, as far as – we could find no case, even going back to the prisoner litigation, where this was all formulated originally, which allowed this to happen. I think, Your Honor, that the mailbox rule has to be interpreted in light of the statute that's being effected here. This is a very, very remedial statute. It is a statute that Congress enacted because the FRA, after holding hearings, learned that railroads on a day-in and day-out basis were intimidating, harassing, and retaliating against railroad employees for reporting safety issues. Congress decided that that created not only a threat to the railroad industry, but a threat to national security, and as part of many of the post-9-11 acts, amended the Federal Railroad Safety Act to include this retaliation clause. It is extremely important to the safety of the railroads and the national security itself that the railroad not be permitted to retaliate against an employee who is reporting a safety issue, which is – That's all a given, but that doesn't excuse you from the timing requirements of the statute, does it? Is that your argument, the statute is so important that the timing requirements should be ignored? No, I'm arguing that the statute is so remedial in nature that the circumstantial evidence aspect, which is permitted to prove the mailbox rule, should be broadly interpreted to encompass this situation and to encompass the situation where it's impossible to get that final piece of evidence to allow the case to go forward because it's better to err in the side of the remedial nature of it rather than to block somebody from presenting their case. But does court dispose of this appeal without getting into the jurisdictional problem, determining whether it's jurisdictional or not jurisdictional, and just deciding on a summary judgment basis based on the facts of the affidavits that are already in file? I do not believe so, Your Honor. I believe because the summary judgment issue would clearly put it – Well, let me strike that. If, in fact, Your Honor believes that this is a summary judgment issue rather than a jurisdictional issue, then it should be remanded to the district court because the credibility evidence as to whether or not the office procedure was followed and whether or not it would be necessary to have somebody specifically remembering mailing this letter on this date should be submitted to a jury. And on the basis of those factual questions, there would then be a legal determination of whether or not the mailbox or the 180-day rule was followed. My proposition to you for argument is that passing whether or not this is jurisdictional or not, can we dispose of this case without even making that determination based on the facts that are already before the court on this matter? No, because in doing so, the court would have to accept the affidavits as well pled and all the inferences from it. The inference is clearly that the letter in the file is a reasonable inference that the letter was created and mailed according to the normal office procedures, which would have at least put it in the mailbox. If there was no letter in the file, then that inference would not be permissible. But under a Rule 56 standard, the letter in the file would be sufficient to get this case to the jury because it would be evidence in conjunction with the office procedures that the letter was mailed. Well, your basic principle is that a copy of the letter in your file is enough to take the notice requirement out of the statute, whether it's jurisdictional or not. That's the question before the court. But you haven't satisfied your adversary, I'll let him argue for himself. You haven't satisfied that the letter be a copy of it being in your file, whether or not that satisfies the mailbox rule. But you didn't adhere to the requirements of the mailbox rule. Well, we think we did, Your Honor. We think we did. We have shown that there was a letter there. And through circumstantial evidence, the courts permit circumstantial evidence to prove the mailbox rule through normal office procedures. The letter is there, which would be indicative in our normal office procedures that it would ultimately have been mailed. I have to cut you off there. I'm sorry. I'd never like to cut you off. But my research, or at least my law court's research, reflects that there's no such thing as a case allowing the mailbox rule to be proven through circumstantial evidence. I think it's a – maybe it can be. I don't know. But there's no – it's never – the mailbox rule requires that you adhere to the principles of the mailbox rule. Going back to, as I had mentioned before, where all this started with the prisoners giving a letter to a correctional officer and saying the correctional officer then held it for three months and then mailed it. You can't prove it, as far as I know. The law does not require you proving – allow you to prove mailing through circumstantial evidence, if you're going to use the mailbox rule. I would ask the court to revisit the three or four cases that are cited on page four and five of our reply brief, which would stand for that proposition. All right. We'll hear your rebuttal, Mr. Katz. Thank you. Thank you, Your Honor. Thank you, Your Honor. Mr. Cervak. Good morning, Your Honors. May it please the court, Joseph Cervak of Cozen O'Connor on behalf of the Appellee Consolidated Rail Corporation. I'd like to begin just by addressing the point that Mr. Katz raised concerning the letter being in the file and that being an important fact in this case. That's a fact in virtually every case in which the courts deny application of the common law mailbox rule. I would direct your attention to footnote three in the Lupion case from this court in 2014. There was a disputed FMLA notice where the recipient denied receipt. The disputed letter was in the file. It was part of the record. That was insufficient to carry the day. The Lupion case is also interesting to rebut Mr. Katz's argument concerning the remedial nature of the FRSA. While the FRSA is a remedial statute, the district court was interpreting and applying the common law mailbox rule, not the FRSA. And in a case such as Lupion where there's a disputed FMLA notice, the party protected by the statute is the party denying receipt. So by expanding the common law mailbox rule, as the appellant is asking this court to do, you would frequently be working against the interests of the parties that Congress seeks to protect by statute. All right. What about the jurisdictional issue? You familiar with Bowles against Russell? I am not, Your Honor. Well, in that case, the Supreme Court took what some might call a cramped view of jurisdiction, or others would say they were fixing some of the mistakes of this court and other lower courts in the sense that courts across the country were calling things jurisdictional that weren't. So the Bowles case and cases that have followed it, including the Wong case as recently as a couple years ago, have made clear that Congress needs to say that something's jurisdictional for it to be, in fact, jurisdictional. Right? We agree with that, Your Honor. Okay. So, well, then tell us where in this statute is there a clear statement of Congress's intent to make the 180-day deadline jurisdictional? Well, it comes from both the administrative structure and the words of the statute. The administrative structure here, unlike Title VII, other federal employment statutes, where the administrative filing is a box-checking exercise on the way to federal court, under FERSA, claims are to be adjudicated in their entirety at the Department of Labor to a final judgment, which final judgment is then appealable to the Circuit Court of Appeals. There's a narrow ramp. Well, but there's that off-ramp, though, where they can file, which is what happened here. There is. Okay. And where in the statute does it say that that's jurisdictional? The narrow off-ramp is an express jurisdictional provision, and that is conditioned upon the failure of the administrative agency to reach a final decision within 210 days. So if, for example, the agency reaches a final decision within 210 days, the express jurisdictional provision doesn't grant the district court jurisdiction. If a complainant files before OSHA and then runs into district court 30 days later, the express jurisdictional provision doesn't grant the federal court jurisdiction. If the complainant never files before OSHA and goes to district court, the express jurisdictional provision, subsection D3, doesn't confer subject matter jurisdiction on the district court. So it's hard to see how the Supreme Court could reach the same decision it reached last week in the Fort Bend County case, which was appropriate. When you say D3, are you talking about the de novo review provision? Yes. But there's no reference in that to the timely file requirement, right? Correct. The filing requirement appears almost immediately above in the statute, and the jurisdictional provision that I'm referring to, D3, references a complaint under Paragraph 1 to be valid. A complaint under Paragraph 1 must be filed within 180 days. All right, but under D2A2, where it says statute of limitations, that's where the 180-day requirement is, right? It is, Your Honor. I don't see anything in there that says it's jurisdictional. It looks exactly like what the Supreme Court has said time and again, at least for the last 10 years or so, is a claims processing rule, not a jurisdictional rule. Our view is that given both the structure of the statute and the wording of subsection D3, this is a much closer case on jurisdiction than the cases that Your Honor is referring to where the court has found limitations periods to be non-jurisdictional. Ultimately, whether or not— It doesn't really matter, does it? It doesn't. I mean, the district court looked at matters outside the pleading, so we have the ability to affirm under Rule 56 if we find that the district court did not abuse its discretion in finding the evidence wanting in support of their mailbox rule argument. That's exactly right, Your Honor. We moved for summary judgment under Rule 56 in the alternative. The district court took our motion and analyzed it as a Rule 12b1 factual attack, considered all of the evidence that the appellant had to put in. They put in four separate affidavits of counsel. When faced with a motion for summary judgment, they could have requested additional information under Rule 56d. They did not. Well, they wanted discovery review. They wanted discovery. Their opportunity to request discovery was after we filed our motion for summary judgment. They could have filed an affidavit under Rule 56d stating what discovery they needed to oppose our motion for summary judgment, and they didn't do so. Well, for some reason, reading the briefs, I got the feeling that they were seeking to get discovery to see that maybe if they discovered a motion, they'd find their file complaint with OSHA. Or at the very least, if this is not jurisdictional, they would be able to say if it's not jurisdictional that there's no prejudice. Therefore, this failure to timely file under this processing rule has not prejudiced OSHA. I mean, I don't know what their position would be. If they could show that there's nothing you would have done differently or anything like that. So in addition to getting discovery of OSHA, maybe finding their complaint in OSHA, they could say it didn't make any difference to OSHA anyway, so what's all the shooting about? Why don't you hear our complaint, OSHA? I mean, if this is not jurisdictional. So why can't we rule in that fashion? If we decide that this is not jurisdictional, and I sort of agree with what's been brought up here, that there's nothing that specifically says this is a jurisdiction stripping statute, which is a horrendous thing for Congress to assume without mentioning. So then we go into the discovery or whatever defense they could put forward showing that it made no difference anyway. This is not a case in which Mr. Guerra is attempting to prove equitable tolling. That opportunity came up years ago, and they haven't done it. This isn't a case where they're claiming that the defendant waived the timeliness issue by not raising it. So under the circumstances of this particular case, whether or not the limitations period is jurisdictional or not is really irrelevant. It doesn't affect the outcome. As Justice Ginsburg said at the conclusion of the Fort Bend County case, a rule can be mandatory without being jurisdictional, and that's what we have here if you find it to be non-jurisdictional. Right, and that's – it may be immaterial to this case, but I think it's a really important issue. So I'm sorry to continue belaboring it, but have you done many other cases for Conrail involving this issue? There doesn't seem to be a lot of case law out there about whether this is a 12-B-1 issue or, as you say, a mandatory rule that would be disposed of under Rule 56. That's correct, Your Honor. I do a lot of work under this statute, but it's a 10-year-old statute. The law is not as well-developed as it is in many other areas, and I think it's fair to say that whether or not the limitations period under FERSA is jurisdictional or not is a question of first impression. Before this court, neither party has cited any circuit court-level cases from other circuits addressing whether or not it's jurisdictional, so it is a question of first impression. Unfortunately, we don't have the benefit of a district judge's thoughtful analysis of that because both sides teed the case up to her by saying, we agree it's jurisdictional. Is that right? Correct. The district court never really analyzed that issue. She focused on the common law mailbox rule, and going to your point, Judge Cowen, I think under the common law mailbox rule, it's not satisfied. There is insufficient evidence here to satisfy the common law mailbox rule. Without the common law mailbox rule, there is not a timely filing. Well, going back to what your adversary has, he wants to prove the mailbox rule through circumstantial evidence. Their position, briefly, is we would not have a copy of the letter if it hadn't been mailed according to the mailbox rule. What's wrong with that position? The letter in the file is insufficient. The law in this circuit is very clear. You look at the Philadelphia Marine Trade Association case in 2008. There's the Hall-Ditchfield case, a per curiam opinion, in 2010. The Lupion case in 2014. This court has repeatedly endorsed the view that a sender needs more than their own self-serving testimony to invoke the common law mailbox rule. And that's because this comes up in a variety of contexts, insurance cases, tax cases, a variety of cases where someone sends a legally mandated notice, the recipient denies receipt, and the question is are we going to have a jury trial every time someone says, I mailed it. And that's why the common law mailbox rule requires that heightened standard of objective, extrinsic evidence. They seem to say that if only they could produce the affidavit. They interpret the district court as saying that if only they could produce an affidavit from the person who allegedly mailed this, they would win. We disagree. As I said, I think that sets the bar too low. The Pope could testify that he personally prepared a letter and mailed it, and that would be insufficient to invoke the common law mailbox rule. What is necessary is extrinsic, objective evidence of mailing. We don't have any of that in this case. So does that mean you have to send something certified mail to satisfy that standard? You could never send something through regular mail and satisfy the mailbox rule? I think a prudent sender would send things by a tracked form of delivery, but there's plenty of other ways you can satisfy the common law mailbox rule. For example, in both the affidavits and in the briefs, there are several references to something called a docketing letter. OSHA, after they get a complaint, sends out a docketing letter, basically just acknowledging that they received the complaint. Of course, going all the way back to Rosenthal v. Walker in 1884, certainly this court's opinion in the Philadelphia Marine Trade Association case in 2008 relied upon some later event for which the earlier disputed mailing must have been a precipitating event. And that later event for which the disputed mailing was a precipitating event is objective, extrinsic evidence of mailing apart from the sender's own self-serving testimony. The docketing letter, if there's a docketing letter in this file, that would be just such a piece of evidence that would allow them to invoke the common law mailbox rule. There is no docketing letter. I'm just not sure that's the touchstone because the point of the mailbox rule, I think, is to protect the sender from the negligence of the recipient, right? So if the recipient doesn't do its job, the sender's not out of court through no fault of its own. But the sender's got to offer sufficient proof to show that the sender actually sent the document. Correct. And that's what we don't have in this case. They attempt to show the office practices of the attorney's office, as I think your court got at in questioning appellant's counsel. Those office practices admittedly were not followed here. The normal office practice, according to the record, is to send out these FRSA complaints by both fax and certified mail, neither of which happened here. The unidentified mailer supposedly sent this complaint by just regular first-class mail. So if there were, say, a legal secretary who swore under penalty of perjury that he or she remembered the case, remembered drafting it, showing it to the lawyer, taking it to the mailbox outside the building, et cetera, et cetera, that might have been sufficient, right? Are you saying as a matter of law that can't be sufficient? Our view is that as a matter of law, that is insufficient. And why? How do we know that? What case tells us that the district judge doesn't have the discretion to take those hypothetical facts I just described and say this does measure up to the proof required? There's those cases from this circuit I mentioned earlier, the Philadelphia Marine Trade Association case in 2008, the Hall-Bitchfield case in 2010, the Lupion case in 2014, which found that all you have is an averment of mailing under oath sworn, that a simple denial of receipt is sufficient to blow up the presumption that would come under the common law mailbox rule. There's cases in other circuits. There's a Lewis case out of the Ninth Circuit. Sorrentino is cited in the brief out of the Tenth Circuit. All right, but maybe it's a little bit of a semantic issue, but I guess this goes to Judge Callen's point that it doesn't mean you can't, in theory, prove it by circumstantial evidence or by an averment, but the fact is when you look at the cases that are reported, it's a consistent string of judges saying this proof doesn't measure up. Exactly. Without something objective. I sent it, all the cases say it's not enough. Exactly. I wouldn't necessarily draw the line between circumstantial and non-circumstantial. More, is there something beyond the sender's own testimony? Okay. So there could be circumstantial evidence that would fit the bill of objective, something objective that a third party, without skin in the game, or something outside the sender's mere statement that they sent it. Correct. That's our view. We emphasize, and the district court noted in its opinion, that they didn't provide an affidavit from the person who allegedly mailed this, not because an affidavit from the mailer would be sufficient, but because its absence in the record highlights how bare the claim of mailing is in this case. Doesn't Lupion suggest that if the affiant has personal knowledge of the procedures in place at the time of the mailing and describes that and says that that's what we did, that that might be enough? Yes. Lupion stands for the proposition that you can satisfy the common law mailbox rule through evidence of the office practices, but many of the cases, including the Sixth Circuit case of Simpson v. Jefferson Life Insurance, cited by the appellant in their briefs, and there's several cases that say that that method of satisfying the common law mailbox rule through office practices requires that the office practices were actually complied with in the particular case in dispute, and that's what we don't have in this case. I get it, yeah. All right, thank you, Mr. Cervak. We'll hear Mr. Katz's rebuttal now. Thank you, Your Honors. Thank you, Your Honors. Let me just make three brief points. The question was raised whether or not OSHA would permit or under the mailbox rule,  I would ask the court to look at OSHA's own regulation, 29 CFR 1982.103, where they talk about the filing of a retaliation complaint, and that regulation makes it clear that there are a number of ways of transmitting a complaint. Regular mail would be one of them. Therefore, a hard and fast rule that you cannot use regular mail as part of the mailbox rule would be inconsistent with the agency's own requirements. Secondly, I think in support of the Leibniz standard, the cases that I've referred to earlier, I think, and are admittedly Fifth Circuit cases, but I think give great wisdom and insight to the proof of the mailbox rule. In particular, there's a case called Morakombe Enterprises. That's at 330 Fed Apex 453. And, again, that's page four of our reply brief. But what it points out in that case is that there are several ways of showing that a letter was placed in the mail. And it says that it may be proved by a sworn statement, which is what the district court required, or by circumstantial evidence, such as a sender's customary mailing practice, which is what we established. And I would suggest, again, that the evidence that we presented is enough to overcome the burden of the mailbox rule, particularly if you're looking at a rule 56 standard where everything has to be looked at in the light most favorable to us. Finally, Your Honor, I would ask the court to look at pages 12 to 14 of our opening brief. 12 to 14 discusses a report by the internal auditing department of the Department of Labor. And in that report, it chastises OSHA for its sloppiness in handling retaliation cases. I can tell you from my own personal experience, Your Honor, that sometimes we file complaints in federal court after the 210th day has run, where OSHA has not even phoned us to discuss the case, let alone take an action toward it. And the reason, again, is that OSHA is overwhelmed with their work. Their own Department of Labor itself found that OSHA handles these cases sloppily. And so it's well within reason to accept that our office mailed this in the normal course of things and OSHA has lost it, didn't log it properly, any number of things. But I would suggest, Your Honor, that in this case, it should be remanded to the district court. And if there is still a question on the mailbox rule with everything else that's ultimately decided at the trial of this case, certain specific questions affect on credibility as to whether or not the office procedure was followed and whether or not that is sufficient to show that it was mailed, the credibility of the people, not just affidavits, but the jury will have an opportunity to meet those of us who completed the affidavits and make the rulings themselves that that be required. And I thank you for your time, Your Honor. Thank you so much. Go back to the jurisdictional question for one second. Have you ever tried to file a complaint, let's say 200 days or 205 days, because OSHA hasn't contacted you or done anything to move the case? I have not, Your Honor. We've always waited for the 210th day. If you tried to on the 200th day, would the district court have jurisdiction yet? I believe the district court would not have jurisdiction under those circumstances. Of course, the requirement of the 180-day rule applies to OSHA's jurisdiction. The requirement of the 210-day rule applies to the district court's jurisdiction. And in the district court's jurisdiction, we filed the case 274 days after even the date that OSHA claims that we filed it. So the district court clearly had jurisdiction under the Federal Railroad Safety Act because we met its jurisdictional requirement, which was simply that from the last date of a decision, we have to file after 210 days. We met that. The district court had jurisdiction because of that. Their jurisdiction is not linked to OSHA's ability to review the case. Thank you, Your Honor. Thank you, Mr. Katz. Have a wonderful day, sir.